PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. JUAN HERNÁNDEZ, Defendant and Appellant.

No. 2445. Argued May 10, 1925.—Decided June 4, 1925.

1. ASSAULT AND BATTERY—EVIDENCE OF AGE.—Section 320 of the Civil Code is no obstacle to proving that a man is over twenty-one years of age when no question of his civil status is involved.

2. ID.—ID.—A competent observer may be permitted to state his inference as to the age of a human being.

District Court of Aguadilla, Tomás Bryan, J. Judgment of conviction of aggravated assault and battery. *Affirmed.*

*Buenaventura Esteves* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

To prove an aggravated assault and battery of a man against a woman it was necessary to prove that the defendant was over 21 years of age. To establish this conclusion the *fiscal* introduced the testimony of two witnesses tending to show that each of them had known the defendant from ten to fourteen years before, at which date said defendant was sufficiently matured to be wearing long trousers; that to judge by their knowledge of defendant and the latter's appearance he must have been about 36 years old at the time of the trial and that a man of his appearance and marks was bound to be over 21 years of age.

[1] The defendant objected to the introduction of this evidence, first on the ground that it was not the best evidence; that an excerpt from the civil registry would be the best evidence of the age of the defendant. In *People* v. *Ruiz,* 31 P.R.R. 297, we decided that the testimony of a physician was admissible to show that a defendant was more than 21 years old when that fact was so apparent that not only and expert but even an ordinary witness could testify thereto. We held that section 320 referred to the civil status and was no obstacle to proving that a man was over 21 years of age when no question of his civil status was involved.

Section 320 of the Civil Code, moreover, is as follows:

"The records in the registry shall be evidence of the civil status, and any other evidence can be admitted only when such records have never existed or the books of the registry should have dissappeared or when a litigation is instituted before the courts."

In *Assise* v. *Curet,* 22 P.R.R. 518, the best evidence objection was not presented in the court below. Nevertheless, when the question was presented we held, Mr. Chief Justice Hernández writing the opinion, that the terms of section 320 were not applicable when the status was not the matter in controversy. Bearing on the same matter is *People* v. *Díaz,* 19 P.R.R. 497.

While in *People* v. *Ortiz,* 29 P.R.R. 695, we held that the court by mere inspection had no right to convict, the theory was that some evidence must be presented even if, as suggested, the judge became a witness. In the instant case the defendant was confronted with the witnesses against him, who gave evidence compounded of experience and opinion.

[2] A competent observer may be permitted to state his inference as to the age of human beings, whether they are adults or young children. 22 C. J. 560, notes 43 & 44; *People* v. *Bond,* 13 Cal. A. 175, 191, 109 P. 150; Wigmore on Evidence, Sections 222, 227, 660.

*People* v. *Lebrón,* 23 P.R.R. 611, was a case where the racing of defendant and another chauffeur caused an accident. Held that witnesses might testify to the fact of racing and that such testimony was not a mere conclusion.

As to the weighing of the evidence, the appellant does not convince us that the court erred.

The judgment must be affirmed.